## Case No. 11,566.

### Ex parte RANK.

[Crabbe, 493.] [1]

District Court, E. D. Pennsylvania. Aug. Term, 1842.

BANKRUPTCY—INJUNCTION TO STAY PROCEEDINGS IN STATE COURT—STATE INSOLVENCY.

1. A party was arrested on process from state courts, and released on giving bonds to apply for the benefit of the insolvent laws of the state. He subsequently petitioned for the benefit of the bankrupt law [of 1841 (5 Stat. 440)], and was decreed bankrupt. Before discharge, this court refused an injunction to stay proceedings in the suits in the state courts.

2. Where a party arrested on final process is released on giving bond to apply to be discharged as an insolvent, and, if unsuccessful, to surrender himself again, it is not a satisfaction of the execution.

This was a petition by David Rank for a prohibition (injunction), or such other action as to this court might seem fit, to stay proceedings in certain suits in the courts of common pleas of Lebanon and Dauphin counties, in Pennsylvania, under which the petitioner had been arrested, and released on giving bonds to apply for the benefit of the insolvent laws of that state, as provided thereby. It appeared that Rank was a resident of Swatara township in Lebanon county, Pennsylvania. During the months of February and March, 1842, he was arrested under process on various judgments recovered against him in the courts of Lebanon and Dauphin counties, and was released therefrom on giving bonds to apply for the benefit of the insolvent laws of Pennsylvania as above stated. In April, 1842, he petitioned this court for the benefit of the bankrupt law, and on the 9th of May, 1842, was decreed a bankrupt. Thereupon, and before discharge, this petition was filed.

The hearing on the petition was fixed for the 5th of August, 1842, and it was then argued, before Judge Randall, by J. B. Weidman for the petitioner. The plaintiffs in the suits in Lebanon and Dauphin counties were notified of the application, but do not appear to have opposed it.

RANDALL, District Judge. The petitioner states that he is a resident of Lebanon county, and having been arrested, on the 4th of February, 1842, by virtue of a testatum fi. fa. with clause of ca. sa. issued out of the court of common pleas of Dauphin county, and again, on the 28th of March, 1842, by process from the common pleas court of Lebanon county, gave bonds according to the acts of assembly of Pennsylvania conditioned for his appearance at the August term of the court of common pleas of Lebanon county, to take the benefit of the insolvent laws, and was thereupon discharged from custody; that on the 15th of April, 1842, he filed a petition in this court for the benefit of the bankrupt

[1] [Reported by William H. Crabbe, Esq.]

law, and on the 9th day of May was declared a bankrupt; and he, therefore, prays "a writ of prohibition" to the courts of common pleas of Lebanon and Dauphin counties to stay all proceedings in the premises, or such other order as may appear just and right. I presume it was intended to pray for an injunction instead of a prohibition, which, in its technical sense issues only to prevent a court taking cognizance of a cause over which it has no jurisdiction, and no such allegation is made here; but if the application was intended for an injunction, it should have been to enjoin the parties from proceeding, not the courts from entertaining jurisdiction. But without turning the party round to another and more formal petition, let us examine whether, upon the facts stated by him, he is entitled to any relief in this court. When arrested on final process, he obtained his release from actual custody by giving a bond conditioned for his appearance at the next term of the court of common pleas of Lebanon county, then and there to file his petition for the benefit of the insolvent laws, and if he failed to obtain his discharge, that he would surrender himself to prison. His release was no satisfaction of the execution, and if he had failed to obtain his discharge, and had surrendered himself according to the condition of the bond, he would have been in custody under the original execution. The bond was a mere substitute for the custody of his body, and he certainly could not be in a better situation as to this application than if he had remained in the close custody of the sheriff or in prison. Would he then, if in actual custody, be entitled to a release? The case of Hoskins [Case No. 6,712], decided in this court in June last was, in all respects, similar to this. There the petitioner had been arrested and committed to prison in March. He afterwards presented his petition for the benefit of the bankrupt law, on the 6th of May obtained a decree of bankruptcy, and then applied to this court for his release from imprisonment, on the ground that by the decree all his property was divested out of him for the benefit of his creditors, and the object of imprisonment was thus attained; but it was held that the decree of bankruptcy gave him no privilege from arrest, and that, until he obtained his certificate and discharge, he was not entitled to be released from the process of the state court.

It is supposed that this case is different, however, because by a recent law of Pennsylvania (Act July 12, 1842; Dunl. Law, 3d Ed., 869), imprisonment for debt, except in certain cases, has been abolished, and therefore the petitioner cannot be further proceeded against; but, for aught that appears to me, the petitioner's case may be one of those in which imprisonment is allowed. This, however, is not the forum for that inquiry: the seventeenth section of the act referred to points out the mode of obtaining a release by persons in custody at the time of its passage, which is, by application to a judge of the court of common pleas of the county in which the party is imprisoned, after notice to the plaintiff, when the judge is to determine whether the case is such as to admit of imprisonment.

It is also urged, that after the bankrupt law went into operation all proceedings under the state insolvent laws were suspended, and therefore the arrest was illegal. How this may be in states where the discharge under the insolvent laws operates as a discharge of the debt, it is unnecessary for me to say, but I can see no incompatibility between the bankrupt law and the insolvent laws of Pennsylvania, a discharge under which does not affect the debt, but leaves all future acquisitions of the debtor liable to execution for previous contracts. If, however, the construction contended for by the petitioner be correct, and the arrest was illegal, it will be a good defence to an action at law on the bonds, and that is a sufficient reason why this court should not interfere. Let the petition be dismissed.